UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ZAM LIAN MUNG,<br><br>　　　　　　Defendant. | CR. 18-50091-JLV<br><br>ORDER |

　　　During settlement of the court's primary instructions at the pretrial conference, defense counsel orally objected to the use of the word "trafficking" in describing the offense charged in count I.  The defendant argues using the phrase "attempted commercial sex trafficking" in the instructions creates a prejudicial impression the defendant was allegedly engaged in multiple offenses of recruiting or soliciting a minor for a commercial sex act and by that conduct became a trafficker.  Defendant's oral argument cited to <u>Florida Department of Revenue v. Piccadilly Cafeterias, Inc.</u>, 554 U.S. 33, 47 (2008), as authority for his argument that the title of the statute cannot be substituted for the text of the statute which actually defines the offense.  For that reason, defendant contends at the very least the word "trafficking" should be removed from the instructions.

　　　The government objects to the removal of the word "trafficking."  (Docket 34 at p. 1).  The government argues <u>Florida Department of Revenue</u> is not the authority to remove "[t]he statutory title, Commercial Sex Trafficking," and to

differentiate the separate offenses as merely count I and count II. Id. at p. 2. The government submits jury confusion would occur. It contends "[a]lthough penalizing different criminal conduct, Commercial Sex Trafficking and Enticement of a Minor Using the Internet do contain overlapping concepts. Without the ability to refer to each crime by name, the jury may become confused regarding which charge is which." Id. at pp. 2-3.

In his reply brief, the defendant objects "to use of the term 'sex trafficking' because it is not part of the offense statutes under which he is charged and carries an extreme pejorative connotation giving rise to significant but easily avoidable prejudice to the Defendant." (Docket 35 at p. 1). Defendant suggests that instead of the current title, count I should be described as "attempted enticing a child to engage in a commercial sex act" or the "commercial sex act count . . . ." Id. Defendant contends "sex trafficking [is identified] with forced prostitution, sexual enslavement, and sexual exploitation by forced labor or services . . . [or] a crime when women, men and/or children are forcefully involved in commercial sex acts." Id. at p. 2. He submits the charges against him "do not fit the commonly understood meaning of 'sex trafficking' " Id. For these reasons, defendant asserts the phrase is highly prejudicial and "the term 'sex trafficking' [should] not be used in any of the instructions . . . and . . . the United States and its witnesses [should] be prohibited from using the term during their arguments and testimony at trial." Id. at pp. 3-4.

The indictment in count I charges the defendant with attempted commercial sex trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and 1594(a).[1]  (Docket 15 at p. 1).  The court's proposed primary instructions incorporate that phrase in identifying the offense charged in count I.

"Nothing in the text of § 1591 expressly limits its provisions to suppliers or suggests Congress intended categorically to exclude purchasers or consumers (johns) of commercial sex acts whose conduct otherwise violates § 1591." United States v. Jungers, 702 F.3d 1066, 1070 (8th Cir. 2013).  "To the contrary, the expansive language of § 1591 'criminalizes a broad spectrum' of conduct relating to the sex trafficking of children." Id.  "Section 1591(a)(1) makes no distinction between suppliers or purchasers of commercial sex acts with children—it prohibits acts of trafficking regardless of the identity or status of the trafficker." Id. at 1071. "[T]he TVPA definition of 'sex trafficking'— broadly defined as 'the recruitment, harboring, transportation, provision, or obtaining of a person *for the purpose of a commercial sex act*'—readily includes the actions of a purchaser whose sole purpose is obtaining a child for sex." Id. at 1072 (emphasis in original) (citing 22 U.S.C. § 7102(9)).  In conclusion, the Junger court held:

---

[1]These sections are part of The Trafficking Victim Protection Act of 2000 ("TVPA").

> The unambiguous text of § 1591 makes no distinction between suppliers and purchasers of commercial sex acts with children, and the defendants have failed to persuade us Congress intended a supplier-only limitation or a purchaser exception in § 1591 that Congress never stated. We hold § 1591 applies to a purchaser of commercial sex acts who violates the statute's terms.

Id. at 1072.

The court finds defendant's argument without merit. The primary instructions will remain as proposed and otherwise as settled during the pretrial conference.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's objection to the court's proposed primary instructions is denied.

Dated February 20, 2019.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE